IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 03-3054 |
| | ) | |
| KEVIN VON BEHREN, an Individual, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the petition of the Secretary of Labor for prosecution of Kevin Von Behren for civil contempt of court.

Plaintiff-Petitioner Elaine L. Chao, the Secretary of Labor, alleges that on March 14, 2003, pursuant to the authority vested in her by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., commenced a civil action to enjoin and restrain Defendant-Respondent Kevin Von Behren and all persons in concert with him from violating certain portions of the Act.  The

1

Defendant filed a voluntary Chapter 7 bankruptcy action, but this Court on July 13, 2003 held that the enforcement proceeding was exempt from the automatic stay provisions of the Bankruptcy Code.

The Plaintiff notes that on November 12, 2003, this Court entered an Order for default judgment wherein the Defendant was enjoined from violating the provisions of sections 6, 7, 11, 15(a)(2) and 15(a)(5) of the Act, and from withholding back wages and pre-judgment interest found due. A Judgment and Order was entered against the Defendant in the amount of $34,423.25 in back wages, plus $745.84 in pre-judgment interest, for a total of $35,169.09, plus post-judgment interest from the date of entry of judgment until the date all sums are paid.

On July 29, 2004, an Opinion and Order was entered in the United States Bankruptcy Court for the Central District of Illinois in Case Number 03-70523, denying a discharge in bankruptcy to the Defendant. On November 1, 2004, demand was made upon the Defendant for the amount of $35,169.09.

On January 28, 2005, the Plaintiff received from the bankruptcy estate of the Defendant the amount of $8,574.42 in partial satisfaction of

the back wages due.  However, the Defendant continues to owe a total of $26,594.67, plus post-judgment interest.

The Plaintiff asks the Court to: (1) prosecute the Defendant for civil contempt of court and order him to appear and show cause why he should not be adjudged in civil contempt for his failure and refusal to comply with the Court's November 12, 2003 Order; (2) adjudge the Defendant in civil contempt by virtue of his non-compliance with that Order; (3) assess damages for expenses incurred by the Plaintiff in the preparation and conduct of this contempt proceeding; and (4) order the Defendant to purge himself of the civil contempt by paying the Plaintiff the sum of $26,594.67 in unpaid overtime compensation and pre-judgment interest, plus post-judgment interest from the date that the judgment was entered until all sums are paid.

The Defendant has filed a response to the Plaintiff's petition for prosecution for civil contempt.  The Defendant claims that because of his bankruptcies, he has paid "exuberant amounts of monies."  Moreover, he alleges that all of his assets were taken from him as a result of the two bankruptcies.  The Defendant further alleges that because his personal

bankruptcy was not discharged, he owes significant amount of monies to the creditors. He states that he has a $10 million judgment against him and is currently in deliberations with the Internal Revenue Service and the Illinois Department of Revenue.

The Defendant claims that he is looking for a job, but currently has no job or money. Moreover, he has no means or money to retain an attorney for representation. The Defendant further states that he currently has no way to pay the amounts of money he was ordered to pay. Accordingly, the Defendant asks that the Court deny the petition for prosecution for civil contempt.

The Court will direct the Plaintiff to file a reply to the Defendant's response. The Plaintiff's proposed Order to Show Cause asks that the Defendant be ordered to file a response specifically admitting or denying the allegations of the Petition. The Defendant has basically admitted the allegations, while claiming that he has no ability to pay the balance of the judgment.

The Plaintiff also asks that the Defendant be ordered to appear in court and show cause, if any, why he should not be adjudged guilty of civil

4

contempt for his failure to comply with the previous Judgment of the Court. The Court questions whether a hearing is necessary. The Defendant has basically acknowledged that he has failed to comply with the Court's previous Order. Accordingly, the Plaintiff's reply should discuss whether a hearing on the petition for civil contempt is necessary. The Plaintiff should also discuss whether the filing of a citation to discover assets was considered.

Ergo, the Plaintiff is directed to file by March 27, 2006 a reply brief to the Defendant's response to the petition for prosecution for civil contempt.

ENTER: March 13, 2006

FOR THE COURT:

s/Richard Mills
United States District Judge