IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff-Petitioner, | ) ) |
| vs. | ) No. 03-3054 ) |
| KEVIN VON BEHREN, an Individual, | ) ) ) |
| Defendant-Respondent. | ) |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the petition of the Secretary of Labor for prosecution of Kevin Von Behren for civil contempt of court.

I.

On March 14, 2003, Plaintiff-Petitioner Elaine L. Chao, the Secretary of Labor, pursuant to the authority vested in her by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., commenced a civil action to enjoin and restrain Defendant-Respondent Kevin Von Behren and all persons in

1

concert with him from violating certain portions of the Act. The Defendant filed a voluntary Chapter 7 bankruptcy action, but this Court on July 13, 2003 held that the enforcement proceeding was exempt from the automatic stay provisions of the Bankruptcy Code.

The Plaintiff notes that on November 12, 2003, this Court entered an Order for default judgment, wherein the Defendant was enjoined from violating the provisions of sections 6, 7, 11, 15(a)(2) and 15(a)(5) of the Act, and from withholding back wages and pre-judgment interest found due. A Judgment and Order was entered against the Defendant in the amount of $34,423.25 in back wages, plus $745.84 in pre-judgment interest, for a total of $35,169.09, plus post-judgment interest from the date of entry of judgment until the date all sums are paid.

On July 29, 2004, an Opinion and Order was entered in the United States Bankruptcy Court for the Central District of Illinois in Case Number 03-70523, denying a discharge in bankruptcy to the Defendant. On November 1, 2004, demand was made upon the Defendant for the amount of $35,169.09.

On January 28, 2005, the Plaintiff received from the bankruptcy

estate of the Defendant the amount of $8,574.42 in partial satisfaction of the back wages due. However, the Defendant continues to owe a total of $26,594.67, plus post-judgment interest.

The Plaintiff asks the Court to: (1) prosecute the Defendant for civil contempt of court and order him to appear and show cause why he should not be adjudged in civil contempt for his failure and refusal to comply with the Court's November 12, 2003 Order; (2) adjudge the Defendant in civil contempt by virtue of his non-compliance with that Order; (3) assess damages for expenses incurred by the Plaintiff in the preparation and conduct of this contempt proceeding; and (4) order the Defendant to purge himself of the civil contempt by paying the Plaintiff the sum of $26,594.67 in unpaid overtime compensation and pre-judgment interest, plus post-judgment interest from the date that the judgment was entered until all sums are paid.

## II.

The Defendant has filed a response to the Plaintiff's petition for prosecution for civil contempt. The Defendant claims that because of his bankruptcies, he has paid "exuberant amounts of monies." Moreover, he

alleges that all of his assets were taken from him as a result of the two bankruptcies. The Defendant further alleges that because his personal bankruptcy was not discharged, he owes significant amounts of monies to the creditors. He states that he has a $10 million judgment against him and is currently in deliberations with the Internal Revenue Service and the Illinois Department of Revenue.

The Defendant claims that he is looking for a job, but currently has no job or money. Moreover, he has no means or money to retain an attorney for representation. The Defendant further states that he currently has no way to pay the amounts of money he was ordered to pay. Accordingly, the Defendant asks the Court to deny the Plaintiff's petition for prosecution for civil contempt.

The Plaintiff's proposed Order to Show Cause asks that the Defendant be ordered to file a response specifically admitting or denying the allegations of the Petition. The Defendant has basically admitted the allegations, while claiming that he has no ability to pay the balance of the judgment. Accordingly, the Court directed the Plaintiff to file a reply to the Defendant's response.

The Court notes that the Plaintiff's motion requests that the Defendant be ordered to appear in court and show cause, if any, why he should not be adjudged guilty of civil contempt for his failure to comply with the previous Judgment of the Court. Because the Defendant has basically acknowledged that he has failed to comply with the Court's previous Order, the Court directed the Plaintiff to discuss in its reply brief whether a hearing on the petition for civil contempt is necessary. The Court also requested that the Plaintiff discuss whether the filing of a citation to discover assets was considered.

### III.

The Plaintiff has filed its reply brief. The Plaintiff argues that the judgment in this case, which specifically enjoins the Defendant from violating the Act in the future and from withholding payment of minimum wage and overtime back wages in the amount of $34,423.25, plus interest and costs, is equitable in nature. Because the judgment is equitable, the Plaintiff contends that a contempt action, not a citation to discover assets, is appropriate.

Next, the Plaintiff asserts that the Defendant has not adequately

demonstrated an inability to pay. Citing <u>Donovan v. Sovereign Security, Ltd.</u>, 726 F.2d 55, 59 (2d Cir. 1984) and <u>Hodgson v. Hotard</u>, 436 F.2d 1110, 1115 (5th Cir. 1971), the Plaintiff alleges that once it establishes the Defendant's failure to comply with an order of the court, it has made out a prima facie case for contempt. The Plaintiff acknowledges that while inability to comply with a judicial order is a well-recognized defense to an action for contempt, a defendant must "plainly and unmistakably" meet this burden. See <u>Donovan</u>, 726 F.2d at 59; <u>Hodgson</u>, 436 F.2d at 1116. A defendant would have to show "categorically and in detail" that he is unable to comply with the sanction. See <u>Glover v. Johnson</u>, 934 F.2d 703, 708 (6th Cir. 1991). The Plaintiff contends that conclusory statements alone are insufficient to substantiate a finding as to the Defendant's financial status. The Court must make such a finding based on adequate information. See <u>Donovan</u>, 726 F.2d at 59. Accordingly, the Plaintiff asserts that the Defendant has not adequately demonstrated an inability to pay by simply stating that he has no money.

Next, the Plaintiff claims that inability to pay is not a valid defense where the Defendant has mismanaged his assets. The Plaintiff notes that

6

the bankruptcy court found that the Defendant and his wife were not credible and that they concealed and devalued assets. The court also specifically found that they "took actions to prevent [$30,000 to $50,000 worth of jewelry] from becoming part of the bankruptcy estate with the intent to hinder, delay, or defraud creditors." In re Von Behren, 314 B.R. 169, 177-78 (C.D. Ill. 2004). Because the Defendant's conduct has demonstrated financial irresponsibility, the Plaintiff claims that he should not be able to evade a judgment of contempt on the grounds of inability to pay.

Next, the Plaintiff alleges that inability to pay does not bar a finding of contempt. The Plaintiff also states that the Defendant's statements about his financial status should not be given any weight. This is particularly true as to the statements included in his response brief, which were not made under oath. The Plaintiff notes that the bankruptcy court has already determined that the Defendant was not a credible witness when he gave testimony under oath.

The Plaintiff contends that financial hardship is a defense to civil contempt only in certain circumstances. The employer must prove its

alleged financial inability to pay, and the court must make such a finding based on detailed and adequate information. Moreover, the Defendant should not be shielded from a finding of contempt when there is evidence that he hid and diverted assets.

The Plaintiff alleges that the Court has broad latitude to fashion a remedy that fits the facts of the case if the Defendant cannot make immediate payment. The Plaintiff further asserts that a contempt action is appropriate in this case, and no citation to discover assets is needed. The Plaintiff contends that based on the Defendant's alleged history of hiding assets and less than credible testimony, any statements by the Defendant regarding his assets, or lack thereof, would be highly suspect.

IV.

"[A] court may impose sanctions for civil contempt in order to coerce compliance or to compensate the complainant for losses sustained as a result of the contumacious conduct." South Suburban Housing Center v. Berry, 186 F.3d 851, 854 (7th Cir. 1999). If the purpose is to make a party comply, a court must consider the "character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any

suggested sanction in bringing about the result desired." Id. (citations omitted). A court which has returned a conviction for contempt must, in order to secure future compliance, consider a "defendant's financial resources and the consequent seriousness of the burden to that particular defendant." Id.

Because there are questions about the Defendant's financial circumstances, the Court concludes that a hearing is necessary to give the Defendant the opportunity to appear and show cause, if any, why he should not be adjudged guilty of civil contempt for his failure to comply with the Court's previous judgment. The hearing will be scheduled for August 21, 2006 at 1:30 p.m. If the Defendant complies with the November 12, 2003 Order and Judgment by paying the amount due before that date, then the parties will notify the Court and the hearing will be canceled.

Ergo, the Plaintiff's petition for prosecution of Defendant Kevin Von Behren for civil contempt of Court [d/e 19] is ALLOWED, to the extent that the Defendant is ORDERED to appear on August 21, 2006 at 1:30 p.m., and show cause, if any, why he should not be adjudged guilty of Civil Contempt for his failure to comply with the November 12, 2003, Judgment

9

of this Court.

ENTER: June 29, 2006

        FOR THE COURT:

          s/Richard Mills
          United States District Judge