UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

------------------------------------

| | : | |
|---|---|---|
| **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, | : : : | |
| | : | CIVIL ACTION |
| Plaintiff-Petitioner, | : : | Case No. 03-3054 |
| v. | : : | |
| **KEVIN VON BEHREN,** an Individual, | : : | Judge Mills |
| | : | Magistrate Judge Cudmore |
| Defendant-Respondent | : | |

------------------------------------

## ORDER TO PURGE DEFENDANT-RESPONDENT FROM CIVIL CONTEMPT

Plaintiff-Petitioner, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, having filed her petition and defendant-respondent, **KEVIN VON BEHREN,** hereby appearing, and having been duly advised in the premises, now therefore, upon petition of attorneys for the plaintiff-petitioner, and for cause shown, the Court makes the following findings:

1.  In a judgment dated November 12, 2003, this Court enjoined defendant-respondent **KEVIN VON BEHREN** from withholding payment of the sum of $34,423.25, which represents the unpaid minimum wage and overtime compensation found to be due to defendant-respondent's employees listed in Exhibit A of the Judgment, and ordered defendant-respondent to deliver to plaintiff-petitioner a certified check for $34,423.25, made payable to "Wage and Hour Div., Labor", less legal deductions for employees' share of social security and withholding taxes, and a schedule showing the name, last-known address, social security number, amount deducted for social security,

1

amount deducted for Federal income tax, amount deducted for State income tax, and the net amount of such payment for each person enumerated in Exhibit A.

2.	In addition to the foregoing, this Court's November 12, 2003, Judgment enjoined defendant-respondent **KEVIN VON BEHREN** from withholding the amount of $745.84 in pre-judgment interest and ordered defendant-respondent to deliver to plaintiff-petitioner a separate certified check for $745.84, made payable to "Wage and Hour Div., Labor".

3.	This Court's November 12, 2003, Judgment further ordered that plaintiff recover post-judgment interest pursuant to 28 U.S.C. section 1961 from the date of entry of said Judgment until all sums are paid; therefore, post-judgment interest shall accrue on and be paid by defendant-respondent **KEVIN VON BEHREN** as shown in Exhibit A.

4.	On or about January 28, 2005, plaintiff received from defendant-respondent's bankruptcy estate the amount of $8,574.42, in partial satisfaction of the back wages due, thereby reducing the amount of unpaid back wages and pre-judgment interest to $26,594.67.

5.	Plaintiff-Petitioner has not received the sum of $26,594.67 of the minimum wage and overtime compensation and pre-judgment interest from defendant-respondent **KEVIN VON BEHREN** by tendering the required check, nor has plaintiff-petitioner received the schedule due under this Court's November 12, 2003, Judgment.

6.	Defendant-Respondent **KEVIN VON BEHREN** appeared before this Court on August 21, 2006, and failed to show cause why he should not be held in civil contempt for failing to comply with this Court's November 12, 2003, Judgment, which

requires the payment of the remaining amount of $26,594.67 by tendering two checks, along with a schedule, to the plaintiff-petitioner.

**7.** Defendant-Respondent **KEVIN VON BEHREN** has violated this Court's injunction by continuing to withhold the sum of $26,594.67 in unpaid minimum wage and overtime compensation and pre-judgment interest by tendering separate checks, along with a schedule to the plaintiff-petitioner, and is therefore in civil contempt of this Court.

**8.** Defendant-Respondent **KEVIN VON BEHREN** is hereby directed to purge himself of contempt and to satisfy the November 12, 2003, Judgment by paying to plaintiff-petitioner the sum of $26,594.67, plus post-judgment interest, in accordance with the payment schedule set forth in Exhibit A, attached hereto and made a part hereof:

**9.** Defendant-Respondent shall tender to the plaintiff-petitioner checks for each of the installments identified in Exhibit A by certified check made payable to "Wage and Hour Div., Labor", and shall further tender with the initial payment (October 29, 2006), a schedule in duplicate showing the name, last-known address, and social security number for each employee named in the attached Exhibit A.

**10.** Plaintiff-Petitioner shall distribute the proceeds of the checks referred to in paragraph 9 hereof to the persons enumerated in Exhibit A hereof, or to their estates if that be necessary, and any amounts of unpaid minimum wage and overtime compensation or interest not so paid because of inability to locate the proper persons or because of their refusal to accept it, shall be deposited with the Clerk of this Court, who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. 2041.

**11.**     Defendant-Respondent shall, on or before May 15 of each calendar year in which payments are due pursuant to Exhibit A, provide to Plaintiff-Petitioner a copy of his individual Federal income tax return, along with the Federal income tax returns of any corporation, partnership, or other business entity in which Defendant-Respondent holds an interest.

Accordingly,

**IT IS HEREBY ORDERED** that defendant-respondent **KEVIN VON BEHREN** shall deliver to plaintiff-petitioner, in installment payments, the sums of back wages and interest in the amounts and on the dates shown in Exhibit A, to the present and former employees listed in Exhibit A attached herein and made a part hereof.  The first payment on November 30, 2006, shall be accompanied by a schedule, as outlined hereinabove.  All payments should be made by submitting to the plaintiff-petitioner a certified check, as stated hereinabove.  Should defendant-respondent **KEVIN VON BEHREN** fail to pay any of the installment payments, in the full amounts and on or before the dates indicated in Exhibit A, the entire amount of the remaining principal balance and accrued pre-judgment and post-judgment interest shall become immediately due and payable together with post-judgment interest assessed pursuant to 28 U.S.C. § 1961; and

**IT IS HEREBY ORDERED** that defendant-respondent **KEVIN VON BEHREN** shall furnish to plaintiff-petitioner a copy of his individual Federal income tax return, along with the Federal income tax returns of any non publicly traded corporation, partnership, or other business entity in which defendant-respondent holds an interest of 25% or greater, by May 15 of each calendar year in which the aforesaid payments are

4

due; and

**IT IS FURTHER ORDERED** that defendant-respondent shall additionally pay plaintiff-petitioner's expenses of bringing this contempt action, in the amount of $557.75, said payment to be made by delivering a certified check in the said amount made payable to "UNITED STATES DEPARTMENT OF LABOR", to:

> Office of the Solicitor
> U.S. Department of Labor
> 230 S. Dearborn Street – Room 844
> Chicago, Illinois 60604

on or before December 31, 2006.

**IT IS HEREBY ORDERED** that upon the failure of defendant-respondent **KEVIN VON BEHREN** to purge himself of contempt of this Court in the manner and within the dates set forth above and such failure is made to appear by an affidavit of the plaintiff-petitioner's attorney which is duly filed with the Court showing that a copy of said affidavit has been duly served upon defendant-respondent by certified mail, defendant-respondent **KEVIN VON BEHREN** shall be subject to further sanctions.

**IT IS FURTHER ORDERED** that plaintiff-petitioner's Petition will be dismissed only upon defendant-respondent **KEVIN VON BEHREN'S** having purged himself of the contempt by paying the amounts on the dates ordered to be paid herein. Plaintiff-Petitioner shall retain leave to apply to this court for further appropriate relief should defendant-respondent fail to comply with the provisions of this Order.

Dated October 18, 2006.

> s/Richard Mills
> **RICHARD MILLS**
> UNITED STATES DISTRICT JUDGE